# Rucker v. New York Canners, Inc.
# Pickrell, Craig & Co. v. Rucker.

(Decided June 20, 1933.)

STANLEY TRENT for appellant J. H. Rucker.

TODD & BEARD and W. E. DOWLING for appellant Pickrell, Craig & Co.

TODD & BEARD for appellee New York Canners, Inc.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming in part and reversing in part.

This is the second appeal of one branch of this case—New York Canners, Inc. v. J. H. Rucker, which was decided by this court March 24, 1931. The opinion is published in 238 Ky. 204, 37 S. W. (2d) 31, which opinion clearly states the facts and history of the case, and it will not be necessary to restate them in this opinion. The case was reversed by this court because of an error in the instructions given to the jury by the lower court. At that time, Pickrell, Craig & Co. were not a party to the case.

Upon a return of the case to the circuit court, J. H. Rucker filed his amended answer and cross-petition against Pickrell, Craig & Co., making it a party to the suit. He alleged, in substance, that, at the time he entered into the contract to purchase the goods of New York Canners through and by Pickrell, Craig & Co., while acting as agent of New York Canners, it, Pickrell, Craig & Co., promised and agreed to secure orders from retail trade for all the canned goods theretofore bought by him from plaintiff, which he then had in his store, and further promised and agreed to procure orders from the retail trade for at least one-half of the carload of canned goods for which it was then seeking his order, and by reason of its said promise and agreement he was induced to and did purchase the last carload of goods in controversy herein. He further stated that Pickrell, Craig & Co. failed to comply with its said promise and agreement and therefore had breached its contract relating thereto.

In the prayer of his cross-petition he asked that in the event that the plaintiff, New York Canners, recover judgment against him, that he have recovery over against Pickrell, Craig & Co. for the same amount which may be adjudged against him in favor of the New York Canners.

Pickrell, Craig & Co. filed its answer traversing the allegations of the cross-petition and further pleaded in a separate paragraph the statute of limitations, alleging that the contract sued on was entered into more than five years before the filing of the cross-petition against it.

The issues were made up and a trial by jury had and resulted in verdicts and judgments in favor of the plaintiff, New York Canners, against J. H. Rucker in the sum of $1,431.17 and against Pickrell, Craig & Co. on the cross-petition of J. H. Rucker for the same sum. Motions and grounds for a new trial were filed by the respective unsuccessful parties, which were overruled, from which these appeals are prosecuted. The appeals are prosecuted jointly and will be disposed of in the same opinion.

The only ground urged by Rucker for reversal of the judgment against him is that the instructions given by the court are erroneous. But we find that the instructions given are substantially the same as indicated by the court in its former opinion, supra, and the criticisms offered are not sufficient to warrant a reversal of the judgment on that branch of the case. It is our conclusion that the judgment of New York Canners against Rucker should be affirmed.

We now come to a consideration of the judgment on Rucker's cross-petition against Pickrell, Craig & Co.

It is insisted that this judgment should be reversed for various alleged errors, but it will not become necessary to consider all of them.

It is insisted for Pickrell, Craig & Co., appellant on cross-petition, that Rucker's cause of action against it, if any he ever had, was barred by the statute of limitations before the filing of the cross-petition against it.

It will be noted that the contract was entered into in June, 1926, and the cross-petition of Rucker against Pickrell, Craig & Co. was filed October 30, 1931.

The question presented for determination is: When did the statute of limitations begin to run?

Section 2515 of the Kentucky Statutes provides, among other things, that:

"An action upon a contract not in writing, signed by the party * * * shall be commenced within five years next after the cause of action accrued."

We will determine this question on the evidence of Rucker, plaintiff in cross-petition. J. H. Rucker and his nephew, Lester Rucker, both testified that in September, 1926, at the State Fair in Louisville, Ky., J. H. Rucker had a conversation with Mr. Pickrell (of Pickrell, Craig & Co.) in which conversation J. H. Rucker told Pickrell that his, Pickrell's, agent, Kuykendall, had not fulfilled his contract relating to his "detail" men procuring orders for the sale of the goods and for that reason he, Rucker, would not take the car of goods ordered from the New York Canners pursuant to the contract.

Taking the testimony of J. H. Rucker and his witness, Lester Rucker, as true, the conclusion is inescapable that Pickrell, Craig & Co. had breached its contract prior to or not later than September, 1926, which fact Rucker recognized and assigned same for his reason for refusing to accept the car of goods from New York Canners. This was more than five years before the filing of the cross-petition against Pickrell, Craig & Co.

It is insisted for Rucker, however, that the statute of limitations had not begun to run at the time of the filing of the cross-petition (October 30, 1931) because there was no time fixed when the "detail" work in securing orders for the goods should be completed and that Pickrell, Craig & Co. had until December 26, 1926, the date of the arrival of the last car of goods, in which time to comply with its contract. But we do not think this position tenable as relating to a breach of contract. In the case of Davis v. Brown, 98 Ky. 475, 32 S. W. 614, 615, 36 S. W. 534, 17 Ky. Law Rep. 1428, Brown had purchased a wagon and buggy business from Davis under an agreement that Davis would not engage in the same business again within a prescribed territory. Davis, in violation of his agreement, continued to sell buggies. After the lapse of about eight years, Brown brought suit against Davis for damages which he had suffered in the last five years resulting from the breach of con--

tract by Davis. Davis pleaded the five-year statute of limitations. In sustaining the plea of limitations, this court said:

"It seems to us that the contract must stand on the same footing with other verbal contracts; that appellee had a cause of action so soon as the contract was violated, and his right to maintain same continued for five years from the first breach, and not longer; and that only one suit could be brought for a breach of the contract, and in it appellee would be entitled to recover such damages as he could reasonably show to have been caused by the non-performance of the contract."

To the same effect 37 C. J. 813, sec. 161; Brown v. Houdlette, etc., 10 Me. 399, 407.

In light of the authorities above cited, very obviously Rucker's cause of action accrued not later than September, 1926, at the time he told Pickrell that the contract had been breached. The statute of limitations then began to run, and his cause of action, if any he ever had, was barred before the filing of his cross-petition.

For reason indicated, the judgment in favor of New York Canners, Inc., against J. H. Rucker, is affirmed, and the judgment in favor of Rucker against Pickrell, Craig & Co. is reversed and remanded for proceedings consistent herewith.